**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1002**

RAM BAHADUR GURUNG,

    Petitioner,

  v.

LORETTA E. LYNCH, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 28, 2016    Decided: July 15, 2016

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Dilli Raj Bhatta, BHATTA LAW & ASSOCIATES, New York, New York, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Raya Jarawan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ram Bahadur Gurung, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons set forth below, we deny the petition for review.

Gurung bears the burden of establishing his eligibility for relief from removal. See Hui Pan v. Holder, 737 F.3d 921, 927 (4th Cir. 2013). To be eligible for asylum, Gurung must show that he cannot return to Nepal because he has a well-founded fear of persecution on account of a protected ground. See id. Gurung can meet his burden by showing he suffered past persecution or has a well-founded fear of future persecution. See id. If Gurung demonstrates past persecution, he is entitled to a rebuttable presumption that he has a well-founded fear of persecution. See Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). The Attorney General may rebut this presumption by demonstrating by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A) (2016); Essohou v. Gonzales, 471 F.3d 518,

2

520 (4th Cir. 2006). If the Attorney General rebuts the presumption, Gurung must establish a well-founded fear of persecution despite the changed country conditions. See Mapouya v. Gonzales, 487 F.3d 396, 412 (6th Cir. 2007).

Gurung, like all aliens, faces a higher burden of proof to establish his entitlement to withholding of removal because he must show "a clear probability of persecution on account of a protected ground." Djadjou, 662 F.3d at 272 (internal quotation marks omitted). Thus, if Gurung fails to meet his burden of proof for asylum, he is also ineligible for withholding of removal. Id.

The scope of our review is narrow. Hui Pan, 737 F.3d at 926. We will affirm so long as the decision "is not manifestly contrary to law," id. (internal quotation marks omitted), and is supported by substantial evidence in the record considered as a whole, INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84; see also 8 U.S.C. § 1252(b)(4)(B) (2012).

We conclude that substantial evidence supports the finding that the Attorney General proved by a preponderance of the evidence that there was a fundamental change in circumstances such that Gurung no longer has a well-founded fear of

3

persecution. The evidence shows that the 2013 elections were a success for the National Congress Party (NCP) and a defeat for the Maoists. See, e.g., Kumar v. INS, 204 F.3d 932, 934 (9th Cir. 2000) (free and fair elections that included alien's political party can overcome the well-founded fear presumption). The Maoists' penchant for terror and human rights abuses was diminished as evidenced by the large election turnout despite the Maoists' efforts to prevent the election, and the split within the Maoist party, resulting in some members supporting democracy. See, e.g., Hoxhallari v. Gonzales, 468 F.3d 179, 185-86 (2d Cir. 2005) (fall of Communist Party in Albania and resurgence of Democratic Party was a substantial change in country conditions). Gurung failed to establish that, despite the changes to Nepal, he still had a well-founded fear of persecution.

We also conclude that substantial evidence supports the finding that Gurung was not entitled to protection under the CAT. To qualify for CAT relief, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2016). To state a prima facie case for CAT relief, a petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent

4

or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2016). Here, substantial evidence supports the finding that the Nepalese government, which is headed by the NCP, is not going to instigate, consent, acquiesce, or turn a blind eye to the possibility that Gurung may be tortured.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED