17-1831
Bardewa v. Barr

BIA
Hom, IJ
A200 921 020

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

PARESH BARDEWA,
> *Petitioner,*

v.                                         17-1831
                                           NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Daniel P. Weick, Wendy W.H.
                       Waszmer, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Nancy Friedman,
                       Senior Litigation Counsel; Kevin
                       J. Conway, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Paresh Bardewa, a native and citizen of Nepal, seeks review of a May 11, 2017 decision of the BIA affirming a June 23, 2016 decision of an Immigration Judge ("IJ") denying Bardewa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Paresh Bardewa,* No. A 200 921 020 (B.I.A. May 11, 2017), *aff'g* No. A 200 921 020 (Immig. Ct. N.Y. City June 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA, i.e., minus the IJ's determination that Bardewa's brother was able to live in Nepal without persecution from the Maoists, but considering the BIA's conclusion that an individualized analysis of conditions is not required. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). Because the agency concluded that Bardewa established past persecution based on his political opinion (his association with the Nepali Congress Party and pro-democracy views), he was entitled to a presumption of a well-founded fear of future persecution on the basis of his past harm. 8 C.F.R. § 1208.13(b)(1). The agency denied relief based on its conclusion that the Government had rebutted that presumption. As discussed below, we remand because the BIA applied the wrong legal standard and failed to fully consider the totality of the country conditions evidence.

The Government can rebut the presumption of a well-founded fear of future persecution by establishing that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i), (ii); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 399 (2d

Cir. 2005). The Government must prove the fundamental change by a preponderance of the evidence. *Lecaj*, 616 F.3d at 114-15. In determining whether the Government has met its burden, the agency "*must* conduct an individualized analysis of how changed conditions would affect the specific petitioner's situation," *Passi v. Mukasey*, 535 F.3d 98, 102 (2d Cir. 2008) (internal quotation marks omitted, emphasis added), and provide a reasoned basis for its finding that the presumption of a well-founded fear of persecution is no longer justified, *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007). The agency cannot ignore significant information favorable to the applicant or rely on general changes in country conditions without conducting an individualized analysis. *Tambadou v. Gonzales*, 446 F.3d 298, 303-04 (2d Cir. 2006).

The BIA misstated the law by ruling that an individualized analysis of Bardewa's situation was not necessary. Certified Administrative Record at 4 ("[T]he necessity of an individualized analysis . . . is not applicable in the Second Circuit"). To the contrary, we have consistently required an individualized analysis. *See Lecaj*, 616 F.3d at 115; *Passi*, 535 F.3d at 103-04; *Tambadou*, 446 at 303-04. "This individualized analysis may justify different

outcomes for applicants from the same country, even where the agency considers the *same* documentary evidence." *Lecaj*, 616 F.3d at 115 (emphasis added). To that end, we have cautioned against overreliance on State Department country reports demonstrating "changed conditions" absent an analysis of the specific petitioner's situation. *Tambadou*, 446 F.3d at 303-04.

In addition to misstating the law, the BIA provided insufficient reasoning for its ruling. It was not enough to cite an unpublished Fourth Circuit decision finding a fundamental change, *see Gurung v. Lynch*, 667 F. App'x 389 (4th Cir. 2016), because *Gurung* provides no facts from which we can conclude that the same individual circumstances were alleged. Even assuming the Fourth Circuit considered the same documentary evidence that Bardewa presented, the BIA's reliance on the decision fails to account for individual circumstances. *See Lecaj*, 616 F.3d at 115. Moreover, the BIA's decision does not reflect an assessment of the evidence that the IJ relied on to evaluate how the 2013 elections and resultant regime change in Nepal affected Bardewa's specific situation. Notably, the 2015 State Department report and other documentary evidence in the record reflect that journalists in Nepal have been targeted for harassment and

5

violence by Maoist supporters even after the 2013 election. Bardewa has published several articles critical of Maoists, some while living in the United States, and his most recent articles prompted Maoists to threaten his family in Nepal. The BIA's conclusory analysis does not account for this evidence. *See Niang*, 511 F.3d at 148-49.

Accordingly, we grant the petition and remand for the BIA to determine whether the evidence supports the IJ's conclusion that there has been a fundamental change in conditions in Nepal for someone in Bardewa's specific circumstances. Remand as to Bardewa's withholding of removal and CAT claims is also granted because those claims were denied based on the same error. *See Lecaj*, 616 F.3d at 119-20. Because we remand on this basis, we decline to reach Bardewa's claim of humanitarian asylum. We note, however, that in addressing that claim, the BIA relied solely on a conclusion that the harm was not sufficiently severe and appears to have overlooked Bardewa's alternative allegation that he would "suffer other serious harm." 8 C.F.R. § 1208.13(b)(1)(iii)(B).

For the foregoing reasons, the petition for review is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court